STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-752 consolidated with 12-753

KEITH THIBODEAUX

VERSUS

TASHA THIBODEAUX

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20094824
HONORABLE ANNE LENNAN SIMON, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

REVERSED AND RENDERED.

Amy, J., concurs in the result and assigns reasons.

Roshell Jones
Attorney at Law
405 W. Main Street Suite 107
Lafayette, LA 70501
(337) 504-3437
COUNSEL FOR DEFENDANT-APPELLANT:
    Tasha Thibodeaux

Keith Thibodeaux
In Proper Person
311 Ashland Park Drive
Lafayette, LA 70508
COUNSEL FOR PLAINTIFF-APPELLEE:
    Keith Thibodeaux

**PICKETT, Judge.**

Tasha Thibodeaux Perkins appeals a judgment of the trial court ordering her to pay her ex-husband $750.00 in attorney fees for wrongful issuance of a civil writ.

**STATEMENT OF THE CASE**

Mr. Thibodeaux and Mrs. Perkins are the divorced parents of two children, a daughter who is now eighteen years old and a son who is now thirteen years old. There was a custody arrangement whereby the children alternated spending a week with each parent. This arrangement became unworkable when Mrs. Perkins remarried and her husband relocated to Houston. Before her move to Houston, Mrs. Perkins had filed a Motion to Change Custody. When she moved to Houston, she filed a notice of intent to relocate the children.

These motions were pending before the trial court when the facts relevant to the judgment appealed from occurred. Mrs. Perkins was supposed to pick up their son to begin his week with her on Friday, August 12, 2011. Because school was about to start, Mrs. Perkins had made arrangements to stay with her mother in Lafayette rather than go to her own home in Houston for the week. Mr. Thibodeaux objected and refused to allow their son to go with Mrs. Perkins. On Monday, August 15, Mrs. Perkins filed a motion for a civil warrant pursuant to La.R.S. 9:343. Because Judge Simon was not available, another judge signed the civil warrant, and Mrs. Perkins picked up her son from Mr. Thibodeaux's house without incident that day. Mrs. Perkins returned their son to Mr. Thibodeaux on Friday afternoon. Mr. Thibodeaux filed a motion seeking to quash the civil warrant and for costs and attorney fees because the civil warrant was wrongly issued. On August 22, 2011, Judge Simon vacated the civil warrant.

The trial court held the hearing on custody and relocation on October 25, 2011. During the course of that hearing, the court heard evidence on the issue of attorney fees for the wrongful issuance of the civil warrant. The trial court found that a civil warrant can only be issued on behalf of a custodial parent and can only be directed to a non-custodial parent, citing *In re Downing*, 05-1553 (La. 5/17/06), 930 So.2d 897. For oral reason assigned on November 16, 2011, the trial court denied Mrs. Perkins' request to relocate the children and named Mr. Thibodeaux domiciliary parent. The trial court signed a judgment on December 1, 2011, awarding Mr. Thibodeaux $750.00 in attorney fees for the wrongful issuance of a civil warrant. Mrs. Perkins sought a supervisory writ in this court, which we denied because it was taken from a final judgment for which there was an adequate remedy on appeal. Mrs. Perkins has filed the instant appeal, which concerns only the issue of attorney fees for wrongful issuance of a civil warrant, not the trial court's rulings on custody or relocation.

## ASSIGNMENT OF ERROR

Mrs. Perkins asserts one assignment of error:

> The trial court abused its discretion and committed manifest error when it ordered Tasha Thibodeaux Perkins to pay Keith Thibodeaux's attorney's fees in the amount of $750.00 in connection with the civil warrant signed by Judge Earles on or about August 15, 2011.

## DISCUSSION

This court discussed the review of judgments finding a party in contempt in the context of litigation over custody in *Garcia v. Garcia*, 10-446, pp. 4-5 (La.App. 3 Cir. 11/3/10), 49 So.3d 601, 605 (alterations in original):

> Louisiana Code of Civil Procedure Article 221 defines contempt of court as "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court

2

or respect for its authority. Contempts of court are of two kinds, direct and constructive[.]" Pursuant to La.Code Civ.P. art. 224(2), constructive contempt is "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court." Constructive contempt "must be based on a finding that the accused violated an order of the court 'intentionally, knowingly, and purposefully, without justifiable excuse.'" *Lang v. Asten, Inc.*, 05-1119, p. 1 (La.1/13/06), 918 So.2d 453, 454 (quoting *Brunet v. Magnolia Quarterboats, Inc.*, 97-187, p. 10 (La.App. 5 Cir. 3/11/98), 711 So.2d 308, 313, *writ denied*, 90-990 (La.5/29/98), 720 So.2d 343). "A trial court is vested with great discretion to determine whether a party should be held in contempt for wilfully disobeying a trial court judgment." *Barnes v. Barnes*, 07-27, p. 9 (La.App. 3 Cir. 5/2/07), 957 So.2d 251, 257 (citing *Fink v. Bryant*, 01-987 (La.11/28/01), 801 So.2d 346).

Louisiana Revised Statutes 9:343 provides for the issuance for a civil warrant ordering the return of a child:

> A. Upon presentation of a certified copy of a custody and visitation rights order rendered by a court of this state, together with the sworn affidavit of the custodial parent, the judge, who shall have jurisdiction for the limited purpose of effectuating the remedy provided by this Section by virtue of either the presence of the child or litigation pending before the court, may issue a civil warrant directed to law enforcement authorities to return the child to the custodial parent pending further order of the court having jurisdiction over the matter.

> B. The sworn affidavit of the custodial parent shall include all of the following:

> (1) A statement that the custody and visitation rights order is true and correct.

> (2) A summary of the status of any pending custody proceeding.

> (3) The fact of the removal of or failure to return the child in violation of the custody and visitation rights order.

> (4) A declaration that the custodial parent desires the child returned.

The record reflects that the requirements of the statute were met in the application for the civil warrant filed by Mrs. Perkins. Mr. Thibodeaux argues that Mrs. Perkins was not a custodial parent, and therefore she could not execute the

3

requisite affidavit. He asked that Mrs. Perkins be held in contempt and be ordered to pay costs and attorney fees. The trial court found that the statute allows only the custodial parent to seek a civil warrant pursuant to La.R.S. 9:343 and awarded $750.00 in attorney fees.

The record reflects that at the time Mrs. Perkins sought the civil warrant, the consent decree in effect listed Mrs. Perkins and Mr. Thibodeaux as having joint custody, with the parties named co-domiciliary parents. Mr. Thibodeaux argues that the civil warrant is not available in cases where the parties share custody, citing *In re Downing*, 930 So.2d 897. In *Downing*, an attorney discipline matter where the attorney had an arrest warrant issued for failure to comply with a civil warrant, the supreme court dropped the following footnote (emphasis added):

> La. R.S. 9:343, entitled "Return of child kept in violation of custody and visitation order," provides in pertinent part:
>
> > A. Upon presentation of a certified copy of a custody and visitation rights order rendered by a court of this state, together with the sworn affidavit of the custodial parent, the judge . . . may issue a civil warrant directed to law enforcement authorities to return the child to the custodial parent pending further order of the court having jurisdiction over the matter.
>
> **The statute clearly does not apply to a visitation dispute between parents who have joint custody of their children, as did Timothy and Debra. Rather, the statute allows a custodial parent to obtain the return of his or her children from a non-custodial parent.**

*Id.* at 901.

Certainly supreme court precedent is binding on this court. We note, however, that we do not find the statute as clear as the above language suggests. Furthermore, a footnote in an attorney discipline case is not ordinarily where one would expect to find authoritative pronouncements on the res nova interpretation of statutes. Furthermore, Mrs. Perkins was merely seeking the court's authority to have Mr. Thibodeaux abide by the terms of the consent decree, and by the time the

4

civil warrant was vacated it had expired by its own terms. We find that the trial court abused its discretion in finding Mrs. Perkins in contempt of court for seeking a Civil Warrant.

## CONCLUSION

The judgment of the trial court is reversed insofar as it held Mrs. Perkins in contempt of court and ordered her to pay $750.00 in attorney fees to Mr. Thibodeaux. Costs of this appeal are assessed to Mr. Thibodeaux.

**REVERSED AND RENDERED.**

NUMBER 12-752

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

KEITH THIBODEAUX

VERSUS

TASHA THIBODEAUX

AMY, J., concurring in the result.

I agree with the majority that a reversal is required in this case. However, I concur in the result as my reasoning differs from that expressed in the majority opinion.

Simply, I find no statutory authority for the trial court to have imposed the sanction of payment of attorney fees for the wrongful issuance of a civil writ under La.R.S. 9:343. I also find it significant that by the time Mr. Thibodeaux filed the motion to quash the civil writ, only one day remained on the effective period of the writ. Further, I note that the writ's effective period had expired by the time the trial court rescinded the writ, rendering that order moot.

Accordingly, I find that the trial court's judgment in this regard must be reversed.