(NOT FOR PUBLICATION)

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-711

MARY NORMAND THOMPSON

VERSUS

JEFFREY THOMPSON

**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**TWELFTH JUDICIAL DISTRICT COURT**
**PARISH OF AVOYELLES, DOCKET NO. 2011-6331-B**
**HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Judges Sylvia R. Cooks, Jimmie C. Peters and James T. Genovese.

**AFFIRMED.**

Brad D. Ferrand
Vincent F. Wynne, Jr.
Wynne, Goux & Lobello, Attorneys at Law, L.L.C.
410 N. Jefferson Avenue
Covington, LA  70433
(985) 898-0504
**ATTORNEY FOR DEFENDANT/APELLANT**
  Jeffrey Thompson

Andrea D. Aymond
Aymond Law Office
121 S. Washington Street
Marksville, LA  71351
(318) 240-7232
**ATTORNEY FOR PLAINTIFF/APPELLEE**
  Mary Normand Thompson

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Mary Normand Thompson (Mary) and Jeffrey R. Thompson (Jeffrey) are the divorced parents of a five-year-old daughter, Allie Thompson (Allie). Both parents seek custody of Allie and ask to be the primary domiciliary custodian of their daughter. The custody matter was heard in a sixteen-hour trial, which included eighteen witnesses; two expert witnesses; numerous exhibits; and legal memorandum by attorneys for both parties. The trial judge made a detailed review of the law and evidence and rendered a twenty-five page written ruling in which he thoroughly discussed the twelve factors listed in La. Civ.Code. art. 134. The trial judge also reviewed the testimony of each witness and explained his findings regarding the credibility of each witness. He carefully reviewed the expert testimony and reports and complimented Dr. Daniel Lonowski (Dr. Lonowski) on his work in this matter. Dr. Lonowski was appointed by the court as an expert psychologist to assist the court in this matter. The trial judge rendered a considered custody decree in which he awarded joint legal custody to Mary and Jeffrey and designated Mary as the primary custodial parent. Jeffrey was awarded visitation on weekends and holidays in accord with his offshore work schedule as well as summer visitation based on his current offshore schedule. Mary was ordered to continue therapy with her counselor, George Allen, (Allen) to include joint sessions with Allie if recommended by Allen. The trial judge recalled the Rules for Contempt filed by each party finding that since both parties were in contempt of the prior court orders the rules are off-set and recalled "considering the overall situation." The court further gave the parties until March 18, 2013, to reach an agreement on child support, failing which, they must show cause on

March 18, 2013, why the court should not render judgment as to child support. Jeffrey was ordered to maintain health insurance on Allie through his place of employment, and both parents were ordered to pay one-half the costs of all non-covered medical expenses and one-half of all school supplies/educational expenses. The court assessed each party with his/her costs of court and expert witness fees. Jeffrey appeals the trial court's ruling asserting three assignments of error: (1) The trial court erred in finding it is in the best interest of the child that Mary is designated as the primary custodial parent; (2) The trial court abused its discretion and improperly applied the twelve factors listed in La.Civ.Code art. 134; and (3) The trial court failed to take into consideration Jeffrey's twenty-one-day-on-twenty-one-day-off work schedule and failed to consider the possibility of Jeffrey getting new employment without an offshore work schedule.

## LEGAL ANALYSIS

The ultimate decision regarding custody, after questions of law and/or questions of fact are resolved, is reviewed under the abuse of discretion standard. *Harvey v. Harvey*, 2013 WL 2420827, 13-81 (La.App. 3 Cir. 6/5/13), ---So.3d.---., writ denied 2013-1600 (La.7/22/13), 119 So.3d 596. As this court has articulated in numerous cases, the trial judge in these custody matters is in the best position to determine what is in the best interest of the child and is better equipped to make credibility determinations of the witnesses before him. *Garcia v. Garcia*, 10-446 (La.App. 3 Cir. 11/3/10), 49 So.3d 601, and *cases cited therein*. In this case, this ruling is the first considered decree on custody. The prior custody agreement was an agreement made between Mary and Jeffrey, and thus, the trial court was not bound to apply the standard enunciated in *Bergeron v. Bergeron*, 492 So.2d 1193

2

(La.1986). The trial court rightly observed that it must determine the best interest of the child, La.Civ. Code art. 131, and that it must look to any changes in circumstances since the previous custody agreement to determine the award of custody and visitation. *See Schuchmann v. Schuchmann*, 00-94 (La.App. 3 Cir. 6/1/00), 768 So.2d 614, and *Evans v. Lungrin*, 97-541, 97-577(La.2/6/98), 708 So.2d 731. We commend the trial judge in this matter for his effort in making a painstaking review of the testimony of nineteen witnesses, and his careful consideration of the twelve factors set forth in La.Civ. Code art. 134. A review of the record reveals the soundness of the trial court's ruling and discloses no basis to find any abuse of discretion. The trial judge's detailed reasons for judgment leave no doubt as to the careful consideration given to each witnesses' testimony, including the parties', and to his credibility determinations. We can find no basis to support Jeffrey's assertions that the trial judge abused his broad discretion and no support for any of Jeffrey's assignments of error. Jeffrey fails to explain in what manner the trial judge abused his discretion or failed to properly apply the Article 134 factors. He merely offers his disagreement with the trial judge's conclusions.

Concerning Jeffrey's third assignment of error we note, as did the trial judge, that Jeffrey has been expressing his intent for over two years about changing his employment to an onshore job which would allow him more time with Allie, but he has taken no steps to further that commitment since he first said he would do so in 2011. Jeffrey has continued to work offshore. His mother has been the care keeper of the child during his long offshore work assignments. The trial judge found there were changes in circumstances since the previous non-considered

3

custody agreement pointing to Mary's emotional health and Jeffrey's failure to adhere to the recommendations of Dr. Lonowski concerning a change in his employment schedule. Jeffrey has chosen, for reasons known only to him, to continue working offshore which affects the amount of time available to spend with his child. As the trial judge explained in his written Reasons for Ruling:

> It also should be noted that simply based on the report of Dr. Lonowski received by this Court December 5, 2011, Jeff should not have primary custody. . . . Dr. Lonowski's report specifically stated that this Court should CONSIDER awarding Jeff primary custody if Jeff was willing to seek other employment. Jeff works off-shore 21 days and is on-shore 21 days. While off-shore his mother is raising Allie and Dr. Lonowski specifically stated in his report that it would not be in Allie's best interest to be raised by her paternal grandparent. Therefore, and from the outset, it is clear to this Court that Jeff has manipulated the opportunity to be Allie's primary custodial parent and has not acted in Allie's best interest in that he has not changed his employment. Jeff allowed his mother to be the primary caretaker of Allie and this is specifically contrary to the recommendation of Dr. Lonowski.

> Further, after a review of all reports issued by Dr. Lonowski and considering his deposition testimony, it is abundantly clear to this Court that had Mary's psychological condition in 2011 be[en] what it is today, Dr. Lonowski would never had [*sic*] recommended that primary custody be removed from her. Dr. Lonowski made specific recommendations concerning supervised visits and later removed those restrictions. Specifically, Dr. Lonowski stated initially that Mary's visits should be supervised until her therapist can state with a measure of assurance that she has demonstrated a willingness to act in her daughter's best interest and support Allie's relationship with her father's parents and extended family. Evidence has been adduced at Trial through all witnesses, including Dr. Lonowski and George Allen (Mary's counselor) that Mary has made substantial strides and is capable of maintaining primary custody of Allie.

The trial judge then proceeded to examine the twelve factors set forth in La. Civ.Code art. 134 utilized in determining the best interest of the child, acknowledging his reliance on this court's opinion in *Thibodeaux v. O'Quain*, 09-1266, p.4-5 (La.App. 3 Cir. 3/24/10), 33 So.3d 1008, 1013, wherein we stated:

4

Article 134 mandates only that all factors relevant to the best interest of the child be considered; it then enumerates twelve factors which *may* be relevant to the best interest determination. As explained in *Cooper v. Cooper*, 43,244, p. 6 (La.App. 2 Cir. 3/12/08), 978 So.2d 1156, 1160 (*citations omitted*):

> The court is not bound to make a mechanical evaluation of all of the statutory factors listed in La. C.C. art. 134, but should decide each case on its own facts in light of those factors. The court is not bound to give more weight to one factor over another, and when determining the best interest of the child, the factors must be weighed and balanced in view of the evidence presented. Moreover, the factors are not exclusive, but are provided as a guide to the court, and the relative weight given to each factor is left to the discretion of the trial court.

The trial judge found some factors were equal, and on balance, found more factors mitigated in favor of primary custody with Mary. The trial judge then examined the testimony of all witnesses and concluded, based on his determinations of credibility, the testimony of the witnesses supported an award of primary custody to Mary as being in Allie's best interest. We find nothing in the record which would demonstrate any abuse of discretion in the trial judge's conclusions. It is noteworthy that the trial judge had high regard for Dr. Lonowski's work in this case, so much so that he wrote:

> It must be noted that this Court finds remarkable the work performed by Dr. Lonowski in this case, as well as in other cases. It is amazing to this Court that a Consulting Psychologist such as Dr. Lonowski can visit with individuals; administer tests; and render opinions that are completely and totally accurate in the descriptions of individuals. This Court has had the opportunity to speak with Mary and Jeff on multiple occasions and receive testimony. This Court has had multiple occasions to assess their credibility, demeanor, and attitude. It is remarkable to this Court that the findings of Dr. Lonowski mirror the impressions made upon this Court during these individual sessions. Dr. Lonowski has been relied on by this Court throughout the pendency of this proceeding.

> It is extremely important to this Court that the recommendations made by Dr. Lonowski in December 2011 were not followed by Jeff. . . . In December of 2011, Dr. Lonowski did specifically state that Jeff COULD possibly assume primary custody

of Allie, but this opinion greatly relied upon Jeff's assertions that he was changing employment so that he would be a day to day caretaker for Allie. Dr. Lonowski specifically stated that it would not be in Allie's best interest to be raised by her paternal grandparent. Jeff defied these findings.

Further analyzing Dr. Lonowski's findings we note, as did the trial judge, that in the initial evaluation of Jeff, Dr. Lonowski found Jeff did not have any psychological disorders and did not display any traits of chemical dependency. However, in his second and more recent evaluation of Jeff, Dr. Lonowski observed "positive characteristics" of chemical dependency. In contrast, Dr. Lonowski's more recent evaluations of Mary show her much improved emotionally and concluded that Mary is "capable of taking care of the child now." We find one more observation by the trial judge very noteworthy and supportive of his decision (emphasis added):

> The changes that the parties would need to make, and quite frankly should have already made, are easier for Mary to achieve than Jeff. Mary simply needs to open the line of communication with Jeff and his family and this has been made easier by the Court by the implementation of the Family Wizard Program. The changes that Jeff would need to make should have been made long ago, that being the change of employment. *Jeff did tell Dr. Lonowski and this Court in 2011 that he was making the changes. They have yet to be made, yet once again, Jeff is stating that if necessary, he will then make them. Too late.*

In the final analysis, we find the trial judge summed up the matter very well when he wrote:

> The end result is that the evidence confirms that Mary has made substantial changes [,] alterations to her life style as recommended by professionals whereas Jeff has not. The factors set forth in Article 134 of the Louisiana Civil Code and overall review of the testimony of the lay witnesses; the testimony of the expert witnesses; and a review of similar cases in our jurisprudence indicate quite clearly that custody of Allie is to be awarded to Mary.

We note one more finding by the trial judge that further persuades us of the soundness of his ruling: "Mary's job involves her teaching, care and control of young children and she is very competent and effective in [t]his endeavor."

We find no abuse of discretion by the trial judge in reaching his decision and find the record fully supports the trial court's decision. Finding no abuse of discretion, we affirm the ruling of the trial court. All costs of this appeal are assessed against Jeffrey.

**AFFIRMED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.** Uniform Rules – Courts of Appeal, Rule 2-16.3.