STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-41

NALANI LYNN CALDARERA

VERSUS

STANLEY JOSEPH CALDARERA

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALACASIEU, NO. 08-5600
HONORABLE ROBERT WYATT, JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

Timothy O'Dowd
921 Ryan Street, Suite D
Lake Charles, LA 70601
COUNSEL FOR DEFENDANT-APPELLANT:
    Stanley Joseph Caldarera

David Hanchey
P. O. Box 2210
Lake Charles, LA 70602
COUNSEL FOR PLAINTIFF-APPELLEE:
    Nalani Lynn Caldarera

**PAINTER, Judge.**

Defendant, Stanley Caldarera, appeals the trial court's judgment denying his rule to find Plaintiff, Nalani Caldarera, in contempt of court for an alleged violation of a consent decree concerning child support.

## FACTS

The parties were married in February 2002, in Calcasieu Parish where they established their matrimonial domicile. They had one child, born in 2002. Plaintiff filed a petition for divorce in October 2008, and a judgment of divorce was rendered in March 2010. In January 2011, judgment was rendered on a joint stipulation. On March 29, 2011, Defendant filed a rule for contempt of court alleging that in violation of the judgment on the stipulation, Plaintiff claimed the child as a dependent on her 2010 income tax return. He asked that Plaintiff be ordered to amend her 2010 tax return so that Defendant could claim the child on his 2010 tax return. Plaintiff also filed a rule for contempt asserting that Defendant failed to pay child support during 2009, and that he claimed the child as a deduction on his tax return in 2009, without authority and without notice. She cites La.R.S 9:315.18 as authority for the proposition that a party in arrears is not entitled to claim the child as a deduction. The trial court denied both motions for contempt as well as a motion to consolidate which has not been appealed.

Defendant appeals the denial of his motion for contempt.

## DISCUSSION

Louisiana Code of Civil Procedure Article 221 defines contempt of court as "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. Contempts of court are of two kinds, direct and constructive[.]" Pursuant to La.Code Civ.P. art. 224(2), constructive contempt is "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court." Constructive contempt "must be based on a finding that the accused violated an order of the court 'intentionally, knowingly, and purposefully, without

1

justifiable excuse.'" *Lang v. Asten, Inc.*, 05-1119, p. 1 (La.1/13/06), 918 So.2d 453, 454 (quoting *Brunet v. Magnolia Quarterboats, Inc.*, 97-187, p. 10 (La.App. 5 Cir. 3/11/98), 711 So.2d 308, 313, *writ denied*, 90-990 (La.5/29/98), 720 So.2d 343). "A trial court is vested with great discretion to determine whether a party should be held in contempt for willfully disobeying a trial court judgment." *Barnes v. Barnes*, 07-27, p. 9 (La.App. 3 Cir. 5/2/07), 957 So.2d 251, 257 (citing *Fink v. Bryant*, 01-987 (La.11/28/01), 801 So.2d 346).

*Garcia v. Garcia*, 10-446, pp. 4-5 (La.App. 3 Cir. 11/3/10), 49 So.3d 601, 605, (alterations in original) *cited in Thibodeaux v. Thibodeaux*, 12-752 (La.App. 3 Cir. 12/5/12) 104 So.3d 768.

Review of the trial court's determination as to whether behavior rises to the level of contempt is subject to a manifest error standard of review. *McCorvey v. McCorvey*, 05-1173 (La.App. 3 Cir. 4/5/06), 926 So.2d 114, *writ denied*, 06-959 (La. 6/16/06), 929 So.2d 1290.

In this case, the trial court concluded that neither party's behavior was such as to constitute contempt of court. After reviewing the record, we cannot say that the trial court abused its vast discretion by so ruling. Nor can we say that the ruling was manifestly erroneous. Accordingly, we affirm the judgment of the trial court.

## CONCLUSION

Finding no error in the trial court's denial of the motion for contempt, we affirm the judgment of the trial court. Costs of this appeal are assessed to the Defendant-Appellant, Stanley Joseph Caldarera.

**AFFIRMED.**