NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

21-535

KEVIN WADE GOTTE

VERSUS

RACHELLE HULIN GOTTE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2013-4985
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

**********

JONATHAN W. PERRY
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Jonathan W. Perry, Judges.

AFFIRMED.

**Mandi Borne Bucher**
**402 W. Convent Street**
**Lafayette, Louisiana 70501**
**(337) 234-2355**
**COUNSEL FOR APPELLANT:**
    **Rachelle Hulin**


**Brandy L. Dupuis**
**104 Headland Circle**
**Broussard, Louisiana 70518**
**(337) 886-8040**
**COUNSEL FOR APPELLEE:**
    **Kevin Wade Gotte**

**PERRY, Judge.**

Rachelle Hulin Gotte ("Rachelle") filed this appeal asserting the trial court was manifestly erroneous in failing to hold the appellee, Kevin Wade Gotte ("Kevin"), in contempt of court, in calculating and ordering the amount of interim spousal support arrearages and refusing to award attorney's fees and cost. For the following reasons, we affirm the trial court's ruling.

## FACTS AND PROCEDURAL HISTORY

Rachelle and Kevin were married on December 28, 2012. Kevin filed a Petition for 103 Divorce without minor children on September 20, 2013. Kevin's petition for divorce stated the couple physically separated on January 1, 2013. On October 24, 2013, Rachelle filed an Answer and Reconventional Demand, alleging the date of separation to be June 29, 2013, and requesting interim spousal support.

A hearing officer conference was held on December 6, 2013. After Kevin objected to the hearing officer's recommendation, the parties appeared at a hearing in the trial court on January 21 and 22, 2014. Although the trial court orally ruled at the end of the hearing, a judgment incorporating the trial court's ruling was not signed until February 27, 2015. In the judgment Kevin was ordered to pay $500.00 per month interim spousal support to Rachelle, retroactive to the date of judicial demand and it was set to terminate upon the granting of a Judgment of Divorce. Also included in the judgment is language that states that Kevin is entitled to receive reimbursement of $468.00 to pay monthly expenses from December 6, 2013, through the date of the divorce. A judgment granting the parties a divorce was signed on May 4, 2015.

On or about February 12, 2020, Rachelle filed a rule to show cause for contempt after Kevin failed to pay the interim spousal support and requested the trial

court to determine the amount of Kevin's interim spousal support arrearages. After a hearing on May 10, 2021, the trial court held Kevin was not in contempt of court for failure to pay interim spousal support. Instead, the trial court determined Kevin owed Rachelle $544.00 for past due interim spousal support. The trial court further denied Rachelle's request for judicial interest on the spousal support arrearage and her request for attorney fees; court costs were divided equally.

Rachelle appealed the trial court's judgment, designating three assignments of error: (1) whether or not the trial court was manifestly erroneous in failing to find Kevin in contempt of court for failing to pay interim spousal support; (2) whether or not the trial court was manifestly erroneous in calculating and ordering the amount of interim spousal support arrearages owed by Kevin; and (3) whether or not the trial court abused its discretion in refusing to award attorney fees and costs pursuant to La.R.S. 9:375(A).

## APPELLANT'S ARGUMENT

Rachelle contends the trial court should have found Kevin in contempt of court since Kevin was ordered to pay monthly interim spousal support of $500.00 beginning on or about January 22, 2014, and he admitted he paid nothing from that date through March 2, 2015. She further alleges when Kevin wrote her a check for $544.00, indicating it was for payment of what he owed for the period of October 2013 to February 2015, she notified Kevin of her rejection via correspondence dated March 16, 2015. However, despite this notice, Kevin made no further effort to pay the spousal support he owed; thus, Rachelle argues the trial court judgment should be reversed. Rachelle submits the trial court should have ordered Kevin to pay an arrearage of $9,225.81.

2

## LAW AND DISCUSSION

In *Garcia v. Garcia,* 10-446, pp. 4-5 (La.App. 3 Cir. 11/3/10), 49 So.3d 601, 605, (alterations in original)*,* this court stated:

> Louisiana Code of Civil Procedure Article 221 defines contempt of court as "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. Contempts of court are of two kinds, direct and constructive[.]" Pursuant to La.Code Civ.P. art. 224(2), constructive contempt is "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court." Constructive contempt "must be based on a finding that the accused violated an order of the court 'intentionally, knowingly, and purposefully, without justifiable excuse.'" *Lang v. Asten, Inc.,* 05-1119, p. 1 (La.1/13/06), 918 So.2d 453, 454 (quoting *Brunet v. Magnolia Quarterboats, Inc.,* 97-187, p. 10 (La.App. 5 Cir. 3/11/98), 711 So.2d 308, 313, *writ denied,* 90-990 (La. 5/29/98), 720 So.2d 343). "A trial court is vested with great discretion to determine whether a party should be held in contempt for willfully disobeying a trial court judgment." *Barnes v. Barnes*, 07-27, p. 9 (La.App. 3 Cir. 5/2/07), 957 So.2d 251, 257 (citing *Fink v. Bryant*, 01-987 (La.11/28/01), 801 So.2d 346).

The trial court's determination as to whether behavior rises to the level of contempt is subject to the manifest error standard of review. *McCorvey v. McCorvey,* 05-1173 (La.App. 3 Cir. 4/5/06), 926 So.2d 114, *writ denied,* 06-959 (La. 6/16/06), 929 So.2d 1290.

Louisiana Revised Statutes 9:375(A) provides:

> When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse's education or training, it shall, except for good cause shown, award attorney fees and costs to the prevailing party.

After reviewing the transcript of the hearing in this matter, the trial court interpreted the Judgment signed on February 27, 2015, as entitling Kevin to reimbursement for paying various monthly expenses in the amount of $468.00 against his $500.00 interim spousal support obligation. Kevin testified that in 2015, on the advice of his previous attorney, he wrote a check to Rachelle in the amount

of $544.00 for the balance he owed Rachelle for spousal support. Rachelle, however, never cashed the check. The trial court reasoned the attempt to pay Rachelle prevented Kevin from being in contempt of court. After reviewing the ruling, we cannot say the trial court abused its vast discretion in refusing to find Kevin in contempt. *See Caldarera v. Caldarera*, 14-041 (La.App. 3 Cir. 5/21/14), 140 So.3d 1224.

We also agree with the trial court's ruling in favor of Kevin. Rachelle wrongly interprets the February 27, 2015, Judgment to mean Kevin should pay her support and the expenses. The trial court interpreted the Judgment as meaning Kevin gets credit for paying the monthly expenses against his spousal support obligation. We find no clear error in the ruling of the trial court. *See Id.*

Lastly, because we find the record supports a finding Kevin did not willfully disobey the trial court's judgment concerning spousal support, we must likewise conclude the trial court did not abuse its discretion in failing or refusing to award Rachelle attorney fees and costs. *See Gilardi v. Gilardi*, 16-1645 (La.App. 1 Cir. 8/16/17), 226 So.3d 531.

## DECREE

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3

4