NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-767

AHERN RENTALS, INC.

VERSUS

WILLIAM K. GREEN, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2020-1799
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, D. Kent Savoie, and Van H. Kyzar, Judges.

AFFIRMED.

James F. DeRosier
DeRosier Law Firm, LLC
125 W. School Street
Lake Charles, LA 70605
(337) 474-0820
COUNSEL FOR DEFENDANTS-APPELLANTS:
    Scott Doyle Helms
    Chadd Turnage

J. Michael Veron
Peyton F. Pawlicki
Veron Bice Palermo & Wilson, LLC
721 Kirby St.
Lake Charles, LA 70601
(337) 310-1600
COUNSEL FOR DEFENDANT-APPELLEE:
    Veron Bice Palermo & Wilson, LLC

**PICKETT, Judge.**

Chadd Turnage, Scott Helms, and their attorney, James DeRosier, appeal the judgment of the trial court awarding sanctions and attorney fees in the amount of $7,500.00 pursuant to La.Code Civ.P. art. 863.

## FACTS

Ahern Rentals, Inc., (Ahern) provides rental equipment to industry clients in the Lake Charles area. EquipmentShare.com, Inc., (EquipmentShare) a competing company, hired salesmen who had worked as employees of Ahern. Ahern filed two separate suits against its former employees, Scott Helms and William Green, alleging breach of contract, violations of the Louisiana Unfair Trade Practices Act and the Louisiana Uniform Trade Secrets Act, theft of confidential information, breach of fiduciary duties, and disparagement. The appeal currently before this court occurs in the suit originally filed against Mr. Green, which was filed on May 8, 2020. Mr. Helms and Mr. Green hired the law firm of Veron Bice Palermo & Wilson, LLC (Veron firm) to represent them.

Ahern amended the petition in the suit against Mr. Green on January 21, 2021, to include EquipmentShare and its directors and certain officers, and certain corporate investors in the enterprise. The amended petition also added four former salesman of Ahern who went to work for EquipmentShare, Chadd Turnage, Lee Lobbs, Todd Cutchins, and Joshua Harwell. Messrs. Turnage, Lobbs, and Cutchins also hired the Veron firm to represent them.

EquipmentShare terminated Mr. Helms and Mr. Turnage in March 2021. Out of work, Mr. Helms and Mr. Turnage applied for jobs with Ahern. Mr. Helms and Mr. Turnage went to Las Vegas to interview with Ahern management and corporate counsel. Before the interviews, Mr. Helms and Mr. Turnage talked with their attorney at the Veron firm. Counsel for Ahern contacted the Veron firm to

determine if there were any instructions given to Mr. Helms and Mr. Turnage. Michael Veron stated that he expected Ahern not to discuss the litigation outside the presence of the attorneys representing Mr. Helms and Mr. Turnage.

Mr. Helms and Mr. Turnage accepted jobs with Ahern while still in Las Vegas. Mr. Turnage sent notice to the Veron firm terminating the Veron firm as their counsel on March 19, 2021:

> Myself and Scott Helms are still in Las Vegas attempting to discuss the employment process between both Scott and Myself and Ahern. That being said, I am advising that I intend on speaking with Ahern's attorney about the lawsuit which is not being used as leverage against me nor Scott in the employee hiring process. I am aware that as of today I am speaking with Ahern's attorney without legal representation and am advising that I am no longer in need of Veron, Bice, Palermo and Wilson representation.

In an affidavit, Mr. Helms acknowledged that he authorized Mr. Turnage to discharge the Veron firm on his (Mr. Helm's) behalf. The Veron firm withdrew as counsel for the two men in early April 2021. Mr. Helms and Mr. Turnage then hired James DeRosier to represent their interests in their respective suits.

On June 22, 2021, Mr. DeRosier, on behalf of Mr. Helms and Mr. Turnage, filed a Motion to Disqualify Counsel and for Production of Client File. They argued that Rule 1.9(a) and (c) of the Louisiana Rules of Professional Conduct required the Veron firm to be removed from the case because the interests of their remaining clients in this litigation were adverse to the interests of Mr. Helms and Mr. Turnage. They further argued that the Veron firm withheld parts of their client file to which they are entitled pursuant to Rule 1.16(d) of the Louisiana Rules of Professional Conduct. The Veron firm responded with an opposition to the motions and a Motion for Sanctions and Contempt. In opposition, the Veron Firm argued that Mr. Helms and Mr. Turnage were not adverse parties in the litigation, and questioned why Ahern had not dismissed their employees, Mr. Helms and Mr.

2

Turnage, from the litigation once they had been rehired by Ahern. Further, the Veron firm expressed concern that confidential and privileged strategy information in the client files would be shared by Mr. Helms and Mr. Turnage with Ahern, who could use that information in the continuing suit against the other former Ahern salesmen who remained employed by EquipmentShare. In support of their motion for sanctions, the Veron firm argued that the only reason Ahern had failed to dismiss Mr. Helms and Mr. Turnage from the litigation was to pursue this tactic of obtaining the privileged client files from the Veron firm and disqualifying the Veron firm so as to force Messrs. Green, Lobbs, and Cutchins to hire new counsel. The Veron firm sought a finding of contempt and for sanctions against Mr. DeRosier, Mr. Helms, and Mr. Turnage pursuant to La.Code Civ.P. arts. 371, 863, and 224 for misuse of process.

The court held a hearing on August 10, 2021. For the purpose of the Motion to Disqualify Counsel and for Production of Client Files, the court limited argument to only the attorney for Mr. Helms and Mr. Turnage and a representative of the Veron Firm, Peyton Pawlicki. The trial court denied the Motion to Disqualify Counsel and the Motion for Production of Client File in a judgment dated August 12, 2021. Mr. Helms and Mr. Turnage filed an application for supervisory writs in this court, seeking review of that judgment. This court denied relief, finding "no abuse of discretion in the trial court's ruling." *Ahern Rentals, Inc. v. Green*, 21-621 (La.App. 3 Cir. 2/11/22)(unpublished writ disposition), *writ denied*, 22-420 (La. 5/3/22), ___ So.3d ___.

The trial court granted the Veron firm's Motion for Sanctions and Contempt and ordered that Mr. DeRosier, Mr. Helms, and Mr. Turnage collectively pay the Veron firm's costs and attorney fees in the amount of $7,500.00. In its written reasons, the trial court stated:

The "conflict" between Helms/Turnage and Veron Bice was a [sic] manufactured after Helms and Turnage were rehired by Ahern but remained as defendants to Ahern's civil allegations in this matter. Through counsel, their focus was on discovering information from Veron Bice for the benefit of Ahern[.]

. . . .

This ploy is too obvious and too concerning for the Court to ignore or minimize.

A judgment in conformity with its ruling was signed on September 27, 2021. It is from this judgment that Mr. DeRosier, Mr. Helms, and Mr. Turnage have filed this appeal.

## ASSIGNMENTS OF ERROR

The appellants assert two assignments of error:

1. The Trial Court erroneously interpreted and applied Louisiana law when it sanctioned Scott Helms, Chadd Turnage, and their attorney, James DeRosier. If allowed to stand, the Trial Court's ruling would permit the punishment of Appellants for asserting their right to prevent the Veron Firm from continuing to represent clients whose interests are materially adverse to those of its former clients in the same litigation and to prevent the use of information learned by the Veron Firm during its representation of Chadd Turnage and Scott Doyle Helms to their disadvantage.

2. The Trial Court erred further by imposing sanctions against Appellants in response to their filing a Motion for Production of Client Files, a motion which was filed in order that Scott Helms and Chadd Turnage's property, their own client files, be returned to them as required by Louisiana Rule of Professional Conduct 1.16(d).

## DISCUSSION

Louisiana Code of Civil Procedure Article 863 requires that an attorney shall sign all pleadings, and further states:

B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

4

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

. . . .

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

Louisiana Code of Civil Procedure Article 224(4) defines constructive contempt as "[d]eceit or abuse of the process or procedure of the court by a party to an action or proceeding, or by his attorney[.]"

"Review of the trial court's determination as to whether behavior rises to the level of contempt is subject to a manifest error standard of review." *Caldarera v. Caldarera*, 14-41, p. 2 (La.App. 3 Cir. 5/21/14), 140 So.3d 1224, 1226.

At the hearing, the trial court asked Mr. DeRosier why his clients had not been dismissed as defendants by Ahern:

THE COURT: Why are your clients still in this lawsuit?

MR. DEROSIER: Well, Judge, they're protecting their interest at this point to get their own file and to seek the disqualification of their own former lawyer who are opposing their interest in this case.

5

THE COURT: That's their only purpose?

MR. DEROSIER: That's their remaining purpose, yes. Now they're defending themselves as there's been criminal conduct alleged against them in Mr. Veron and Mr. Pawlicki's motions that are defending themselves. That's the purpose it serves, to protect their own interests.

THE COURT: I just don't understand why Ahern is keeping them in the suit since they now work for Ahern.

MR. DEROSIER: Understood and that's my feelings as well.

After hearing arguments and considering the evidence presented, the trial court found that Ahern was delaying the dismissal of Mr. Helms and Mr. Turnage as defendants to attempt to gain information on EquipmentShare's strategy by compelling production of client files from the Veron firm. The trial court called the tactic "gamesmanship." The trial court found that Mr. DeRosier, on behalf of Mr. Helms and Mr. Turnage and in concert with Ahern, filed the motion to disqualify the Veron firm in an effort to hamper the ability of the remaining salesmen still employed by EquipmentShare and represented by the Veron firm to defend against the suit brought by Ahern.

We find the evidence in this case is sufficient to support the trial court's ruling, and there was no manifest error in the decision of the trial court. There is evidence that the motion at issue in this case was filed to cause unnecessary delay and as an abuse of process. Further, we find that the award of $7,500.00 for court costs and attorney fees is not an abuse of discretion. *See Blanchet v. Boudreaux*, 15-60 (La.App. 3 Cir. 8/19/15), 175 So.3d 460, 462, *writ denied*, 15-2156 (La. 1/25/16), 185 So.3d 749.

We note that in its brief, the Veron firm has asked for an increase in the sanctions awarded for costs associated with this appeal. The Veron firm has neither appealed the judgment of the trial court nor answered the appeal filed by

6

Messrs. DeRosier, Helms, and Turnage. "An appellee who neither answers the appeal nor appealed from the trial court's judgment is not entitled to additional attorney's fees for legal services rendered on appeal." *Charles v. LeBlanc*, 93-871 (La.App. 3 Cir. 3/2/94), 633 So.2d 866, 870, *writ denied*, 94-1314 (La. 9/2/94), 643 So.2d 148 (citing *Lysinger v. Security Indus. Ins. Co.,* 488 So.2d 353 (La.App. 3 Cir.), *writ denied*, 493 So.2d 638 (La.1986)).

<u>**CONCLUSION**</u>

The judgment of the trial court is affirmed. Costs are assessed to Mr. DeRosier, Mr. Helms, and Mr. Turnage.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

7