# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CW 05-1550


**MARY K. BIHM**

**VERSUS**

**SETH J. BIHM**


********\*\*********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2004-3320
HONORABLE LILYNN ANNETTE CUTRER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**WRIT DENIED.**

**Lee Watkins Boyer**
**Stockwell, Sievert, Viccellio, Clements, & Shaddock, L.L.P.**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**Counsel for Plaintiff Respondent:**
**Mary K. Bihm**

**Richard Dale Moreno**
**Yul Dubart Lorio**
**Doucet, Lorio & Moreno, L.L.C**
**One Lakeshore Dr., Suite 1695**
**Lake Charles, LA 70629**
**(337) 433-0100**
**Counsel for Applicant:**
**Anne Fournet**

**Evelyn M. Oubre**
**Attorney At Law**
**522 Clarence Street**
**Lake Charles, LA 70601**
**(337) 436-0337**
**Counsel for Defendant Respondent:**
**Seth James Bihm**

**SAUNDERS, Judge.**

Relator, Anne Fournet, seeks a writ of review from a judgment of the Fourteenth Judicial District Court, the Honorable Lilynn Cutrer, presiding, which denied her Motion and Order to Quash Subpoena Duces Tecum for Deposition. We affirm.

**FACTS AND PROCEDURAL HISTORY**

In this domestic matter, Mary Bihm filed for divorce from her spouse, Seth Bihm, on June 2, 2004. On September 28, 2004, the parties were awarded joint custody and co-domiciliary custody of their minor children, Hunter Bihm, age 6, and Kamryn Bihm, age 3. The divorce was finalized on February 15, 2005 and the prior custody plan was to remain in full force.

Eventually, Ms. Bihm sought the counseling services of Relator, Anne Fournet, for her oldest child, Hunter. Ms. Fournet concluded that Mr. Bihm was emotionally abusing Hunter which led to Ms. Bihm's Rule for Contempt, Injunction and Supervised Visitations filed on November 3, 2005. In defense of the these allegations, Mr. Bihm sought the records of Ms. Fournet. Ms. Fournet believed that the release of the records to Mr. Bihm could result in harm to the child, and thus, she filed a motion to quash the subpoena duces tecum. Ms. Fournet's motion was based on the Health Insurance Portability and Accountability Act (HIPPA), 42 U.S.C. 1320-d7 et seq., and its regulation, 45 CFR 164.524, and the interplay and preemptive effects of same in conjunction with and on the Louisiana Code of Civil Procedure and the Louisiana Code of Evidence. Ms. Fournet's motion to quash was subsequently denied by the trial court on December 6, 2005.

Ms. Fournet sought a writ of review with this court in a timely manner, and on December 28, 2005, the writ was granted for the purpose of calling the matter up for

a written opinion on same. All proceedings were stayed at that time pending this court's opinion.

**ASSIGNMENT OF ERROR**

The trial court erred in holding that, pursuant to HIPPA, a parent, who has joint care, custody and control of his child be denied mental health records of his child and be denied the right to depose the medical provider of those records while a custody proceeding is pending.

**DISCUSSION**

In her application to this court, Relator argues that she has serious concerns regarding production of the requested documents and information – that production of same may be detrimental to the health, welfare and mental status of the minor child. Accordingly, Relator has refused to produce same pursuant to HIPPA provisions. Relator relies on 45 C.F.R. §164.524(a)(3)(i) and (ii), which provide that:

(3) Reviewable grounds for denial. A covered entity may deny an individual access, provided that the individual is given a right to have such denials reviewed, as required by paragraph (a)(4) of this section, in the following circumstances:

(i) A licensed health care professional has determined, in the exercise of professional judgment, that the access requested is reasonably likely to endanger the life or physical safety of the individual or another person;

(ii) The protected health information makes reference to another person (unless such other person is a health care provider) and a licensed health care professional has determined, in the exercise of professional judgment, that the access requested is reasonably likely to cause substantial harm to such other person; or

(iii) The request for access is made by the individual's personal representative and a licensed health care professional has determined, in the exercise of professional judgment, that the provision of access to such personal representative is reasonably likely to cause substantial harm to the individual or another person.

Pursuant to 45 C.F.R. §164.524(a)(4), Relator has referred the subject documents to an independent healthcare professional, who, as of this date, has not rendered an opinion.

The trial court's ruling states, in part, ". . . [a]fter review of applicable federal regulations, the Court is of the opinion that the subject records should be produced and the deposition of **ANNE FOURNET** proceed as scheduled." In a handwritten note below the trial court's order, it refers the reader to La.Code Evid. art. 510(B)(2)(d). Article 510 addresses the health care provider-patient privilege and provides, in pertinent part:

> B. (1) General rule of privilege in civil proceedings. In a non-criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives.
>
> (2) Exceptions. There is no privilege under this Article in a noncriminal proceeding as to a communication:
>
> . . .
>
> (d) When the communication relates to the health condition of a patient when the patient is a party to a proceeding for custody or visitation of a child and the condition has a substantial bearing on the fitness of the person claiming custody or visitation, or when the patient is a child who is the subject of a custody or visitation proceeding.

Thus, applying Article 510 to the instant case, there is no health care provider-patient privilege between Ms. Fournet and Hunter under Louisiana law because custody and visitation proceedings are excepted from the privilege. Accordingly, the question becomes whether HIPPA precludes the disclosure of information at issue here. We find that it does not.

3

The federal provisions of HIPPA are set forth in the United states Code, Title 42, which is entitled Public Health and Welfare. The general provisions indicate that HIPPA provides a uniform reporting system for health service facilities and organizations; thus, HIPPA was designed to maintain control over federal dollars spent for medical services. Given this statutory design and the stated purpose of HIPPA, courts have specifically declined to hold that this legislation creates the privilege claimed by Relator. Indeed, it has specifically been held that HIPPA does "not create a federal physician-patient privilege and that [its] Privacy Rule is procedural in nature." *Northwestern Mem'l Hosp. V. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004). This supports the contention that HIPPA was not intended to apply to Louisiana laws governing child custody or to child custody proceedings held in family courts; therefore, Louisiana law applies in those instances. The joint custody provisions set forth in La.R.S. 9:351 provide either parent access to a minor child's medical records and that such access cannot be denied solely due to lack of designation as a custodial parent. That statute provides that:

> Notwithstanding any provision of law to the contrary, access to records and information pertaining to a minor child, including but not limited to medical, dental, and school records, shall not be denied to a parent solely because he is not the child's custodial or domiciliary parent.

Considering same in light of Article 510 as quoted above, which clearly provides that the privilege does not apply to minor patients involved in custody disputes, Louisiana law provides Mr. Bihm access to Hunter's medical records.

Even assuming arugendo that HIPPA does apply, it would not preempt Louisiana law as maintained by Relator. HIPPA preempts a "less stringent" state law. Thus, unless Louisiana law imposes a stricter requirement on the disclosure of the

4

information sought by the parties, Relator contends that HIPPA is controlling. In this case, however, Louisiana law imposes strict requirements with regard to the disclosure of medical records. The Louisiana Code of Evidence article 510 sets forth a health care provider-patient privilege which clearly protects the disclosure of a patient's medical records. There are few circumstances, such as a custody dispute of a minor child, which circumvent this protection. Relator has not shown that Article 510 provides less stringent protection with regard to the disclosure of the records maintained by Ms. Fournet, thus, HIPPA does not preempt Article 510. Accordingly, we find no merit in Relator's arguments.

**CONCLUSION**

The judgment of the trial court is affirmed. Costs are assessed against Relator.

**WRIT DENIED**.