956 So.2d 819 (2007)
Michael O. CRAIG, Plaintiff-Appellee,
v.
Tobie Young CRAIG, Defendant-Appellant.
No. 42,363-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2007.
Rehearing Denied May 31, 2007.
*820 Susan D. Scott, for Appellant.
James D. Hall, Bossier City, for Appellee.
Before WILLIAMS, CARAWAY and LOLLEY, JJ.
LOLLEY, J.
Tobie Y. Craig ("Tobie") appeals a judgment from the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana, which modified a prior stipulated judgment and joint custody plan by designating Michael O. Craig ("Mike") as the domiciliary parent of the minor children, altering physical custody periods, and terminating child support. For the following reasons, we reverse.

FACTS
Mike and Tobie were divorced by judgment dated October 7, 1999, after nearly nine years of marriage. By consent judgment, they were granted shared physical custody of their two minor children, a daughter, born September 27, 1996, and a son, born January 22, 1998, alternating seven day period ("7/7"), exchanging the children every Friday.
In August 2000, Mike married Dorothy, his current wife. In 2001, Tobie filed for child support. In response, Mike filed to change the shared custody arrangement. The two dismissed the suit with prejudice and agreed that Tobie would receive child support in the amount of $500.00 per month. Tobie and Mike submitted, and the trial court approved, their Joint Custody Implementation Plan which encompassed the 7/7 custody schedule and a "co-domiciliary" designation.
In March 2004, Tobie entered into a covenant marriage with Jerry Markham. Tobie and Jerry moved into Jerry's house. On July 30, 2004, Tobie and Jerry separated and Tobie filed suit for legal separation on September 7, 2004. Tobie also filed a petition for a protective order and was granted a temporary restraining order, alleging among other things that Jerry had verbally harassed and physically abused her. Jerry and Tobie eventually entered into a consent judgment, and the temporary restraining order was dismissed voluntarily by Tobie. At this time, Tobie moved in with her parents. Tobie and Jerry began seeing each other again in late 2004. On December 30, 2004, Mike filed the instant suit to terminate the 7/7 custody schedule, alleging that Tobie's intention *821 to reconcile with Jerry would expose the children to harm, wherein Mike asked to be named the domiciliary parent.
Tobie moved into her own apartment in January 2005. In February 2005, a judgment was entered prohibiting the parties and their spouses from discussing the case in front of the children. In June 2005, Tobie and Jerry resumed living together. In October 2005, Tobie and Jerry separated for the last time. Tobie moved back into the original house she lived in prior to marrying Jerry.
At the conclusion of the trial, the trial court modified the existing custody decree and designated Mike as the domiciliary parent and awarded Tobie every other week Wednesday to Sunday, every spring break, and one-half the remaining holidays. The trial court further awarded Tobie summer visitation of two weeks in June, two weeks in July, and one week in August. Subsequently, the trial court terminated Mike's obligation to pay child support and prohibited Tobie from having the children in the presence of her estranged husband, Jerry. Tobie now appeals.

LAW AND DISCUSSION

Child Custody
The paramount consideration in any determination of child custody is the best interest of the child. La. C.C. art. 131; Evans v. Lungrin, XXXX-XXXX (La.02/06/98), 708 So.2d 731. In cases such as the present, where the original custody decree is a stipulated judgment, the party seeking modification must prove that: (1) there has been a material change of circumstances since the original custody decree was entered; and, (2) the proposed modification is in the best interest of the child. Id. at 738. Louisiana C.C. art. 134 provides a non-exclusive list of factors which the trial court may consider with all other relevant factors for the determination of the best interests of the child. The consideration of all relevant factors under La. C.C. art. 134 should be followed in actions to change custody, as well as in those to fix custody initially. La. C.C. art. 134, Revision Comment (d). A trial court's determination of child custody is entitled to great weight and will not be disturbed on appeal absent a clear abuse of discretion. Warlick v. Warlick, 27,389 (La. App.2d Cir.09/29/95), 661 So.2d 706.
Mike's burden was initially to show that a material change in circumstances had occurred that warranted a change in the custody arrangement. Here, his basis for filing a change of custody was due, in large part, to the reconciliation of Tobie and Jerry. At the end of trial, the trial court stated that it was "a fairly close case and I think that both of these parents are good parents and I'm convinced that both of them love these children and have the best interest of the children at heart." However, the trial court relied heavily on Tobie's "bad decision [to go] back to Mr. Markham" and ultimately modified the 7/7 plan designating Mike as the domiciliary parent.
The record does reflect that Tobie made a futile attempt to save her marriage when she reunited with Jerry. However, shortly after her reconciliation she ended the relationship and assured the family there would be no future contact with him. The evidence at trial depicted a family that was well adjusted to the 7/7 plan. In addition, despite some disagreement, Tobie and Mike were able to cooperate and make decisions together including determining the school district best for the children, which after-school activities to participate in, and how to handle their son's recent ADHD diagnosis.
The court-appointed psychologist, Dr. Bruce McCormick, reported in his evaluation *822 that the children are good students, and that both children "deeply love both parents and are comfortable with both." Although both parents have a different parenting style, Dr. McCormick believed that they have cooperated well. Most notably, Dr. McCormick opined that ". . . a change in domicile to the point that they're spending more time in one household . . . that is going to be even more distressing to them than the risk that they're likely to run by difference in regimentation or inconsistency." We further point out that the family therapist hired by Mike, Sandi Davis, qualified as an expert and testified at trial that the children seem "well-adjusted" spending a week with Tobie and a week with Mike. She also felt that all parties had made their fair share of mistakes when dealing with the children.
After a thorough review of the record, we find the trial court was clearly wrong in modifying the custody arrangement. It is evident that the lines of communication between Tobie and Mike were strained in light of the reconciliation. However, the situation, which appears to be resolved, did not rise to the level of a material change that warrants a change in custody. In fact, the trial court, without identifying the material change in circumstance, modified the agreement with no indication of what purpose the change in time actually served, stating that it "was a slight change." The modification seems to impute the trial court's views on shared custody and punish Tobie for her "bad decision" instead of determining what is in the best interest for the children. It is undisputed that both parents have managed with the 7/7 arrangement for more than eight years, love their children, and are able to provide care and guidance. All who testified agreed that the parents provide a good home and arrange their schedules according to the children's needs. We find the trial court's concerns about Tobie's priorities when it comes to her children are unsupported. Although the trial court disagreed with the 7/7 plan, the custody arrangement has worked for this family for a number of years and we find no reason to modify it.

Designation of a Domiciliary Parent and Child Support
The Joint Custody Implementation Plan that Mike and Tobie had in place prior to the instant suit named both parents as co-domiciliary. Although La. R.S. 9:335(B)(1) states, "[i]n a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for other good cause shown," we need only to address this requirement if we find that a change of circumstances occurred and the best interest of the children requires a different custody agreement. See Lincecum v. Lincecum, XXXX-XXXX (La.App. 3 Cir. 03/06/02), 812 So.2d 795; Brewer v. Brewer, 39,647 (La.App.2d Cir.03/02/05), 895 So.2d 745. As mentioned above, we find that there has not been a material change in circumstances to validate a change in the original custody decree which, by voluntary agreement, established the custody, the co-domiciliary status and child support altogether. While sharing domiciliary status, Tobie and Mike have been able to work out the truly important decisions regarding their children (e.g., health, education). To name a domiciliary parent would defeat the purpose of the original custody decree which reflected a compromise that allowed Tobie and Mike to maintain the 7/7 arrangement and the child support agreement.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. Costs are assessed against Michael Craig.
REVERSED AND RENDERED.

*823 APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, CARAWAY, PEATROSS, and LOLLEY, JJ.
Rehearing denied.