THERIOT, J.
12Gina Riviere Bush appeals the ruling of the Twenty-First Judicial District Court denying her relocation with her two minor children from Ponchatoula, Louisiana to Slidell, Louisiana. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Randall Todd Bush and Gina Riviere Bush were married on July 30, 1988 in Tangipahoa Parish. Two daughters were born of said marriage.[1] On March 15, 2010, Ms. Bush filed for divorce pursuant to La. C.C. art. 102. The parties entered into a consent judgment in which they agreed to share “50/50” custody of the children with eo-domiciliary status. The judgment of divorce was filed into the record on June 27, 2011.
On September 26, 2011, Ms. Bush filed a motion to modify custody and sought a temporary restraining order against Mr. Bush. She requested that the shared custody change to joint custody, with Ms. Bush designated as the domiciliary parent. On October 31, 2011, Mr. Bush filed a rule to modify custody, in which he also claimed that the shared custody arrangement had proven difficult to maintain, and requested that the custody be reverted to joint, with Mr. Bush as the domiciliary parent.
Judgment was rendered on November 30, 2011, in which the trial court ordered joint custody of the children with Ms. Bush designated as the domiciliary parent. Mr. Bush was granted reasonable visitation on every other weekend. The trial court also ordered that the children “shall remain at the schools they are now attending, and shall remain in Tangipahoa Parish.”
On January 12, 2012, Ms. Bush filed a rule to modify child support and spousal support, in which she additionally requested that the trial court hallow her to move with the minor children from Ponchatoula, Louisiana in Tangipahoa Parish to Slidell, Louisiana in St. Tammany Parish, where they would live with Ms. Bush’s parents. She asked the trial court to reconsider its previous order to keep the children in Tangipahoa Parish, citing her financial difficulties of living in Ponchatoula would be alleviated if she could move in with her parents in Slidell.
Mr. Bush filed an opposition to the motion in which he claimed a relocation of the children from their family and friends was *51 not in the children’s best interest. The trial court issued a judgment on March 28, 2012, ordering Ms. Bush not to move from Tangipahoa Parish with the children. On May 4, 2012, Mr. Bush filed a rule to modify custody asking the trial court that he be designated as the domiciliary parent. Ms. Bush filed an opposition to the rule. On September 20, 2012, the trial court signed a judgment denying Mr. Bush’s rule to modify custody and ordered both parents to attend co-parenting counseling.
On December 6, 2012, Mr. Bush filed a motion for injunctions and contempt against Ms. Bush alleging that Ms. Bush was making efforts to move with the children to Slidell. In light of Ms. Bush’s actions, Mr. Bush again requested the trial court designate him as the domiciliary parent in the event that Ms. Bush moved to Slidell. Ms. Bush filed a motion in opposition and a rule to show cause regarding relocation on January 8, 2013. The trial court granted Mr. Bush’s motion on April 3, 2013, enjoining Ms. Bush from moving the children out of Tangipahoa Parish, and the trial court further ordered that Ms. Bush remain the domiciliary parent. Ms. Bush filed the instant appeal.
I .ASSIGNMENTS OF ERROR
Ms. Bush cites as error: 1) that the trial court abused its discretion in conducting a relocation hearing when she, as domiciliary parent, is engaging in an intrastate move of fifty miles from Ponchatoula, Louisiana to Slidell, Louisiana, since that distance is well below the 75-mile threshold under La. R.S. 9:355.2(B); 2) that the trial court abused its discretion in issuing an injunction preventing her, the domiciliary parent, from moving the children from Ponchatou-la to Slidell; and 3) that the trial court abused its discretion when it failed to conduct a Bergeron[2] hearing wherein Mr. Bush, the non-domiciliary parent who had visitation every other weekend, was required to show cause that there had been a change of circumstances that was deleterious to the children in order to modify the earlier considered decree regarding custody.
STANDARD OF REVIEW
The relocating parent has the burden of proving that the proposed relocation is made in good faith and in the best interest of the child. Richardson v. Richardson, 2001-0777, p. 5 (La.App. 1 Cir. 9/28/01), 802 So.2d 726, 729, writ denied, 2001-2884 (La.11/16/01), 802 So.2d 618. In determining the child’s best interest, the court shall consider the benefits which the child will derive either directly or indirectly from an enhancement in the relocating parent’s general quality of life. Gathen v. Gathen, 2010-2312, p. 8 (La.5/10/11), 66 So.3d 1, 6.
The factors a court must consider in determining the child’s best interest are found in La. R.S. 9:355.14. Although there are twelve factors for the court to consider, it is not necessary for the court to expressly analyze each factor in its oral or written reasons for judgment in a relocation case. | ¡¡Gathen, 66 So.3d at 9. As an appellate court, we cannot set aside the trial court’s factual findings unless we determine that there is no reasonable factual basis for the findings and the findings are clearly wrong. Major v. Major, 2002-2131, p. 4-5 (La.App. 1 Cir. 2/14/03), 849 So.2d.547, 550.
DISCUSSION

Assignment of Error No. 1

Ms. Bush argues that the trial court should not have made any ruling *52 regarding her relocation with the children since La. R.S. 9:355.2(B)(3) restricts relocation orders to distances over 75 miles. While Ponchatoula and Slidell are less than 75 miles apart and both are located ■within the state of Louisiana, we disagree that those facts alone prevent a court from determining whether a relocation of the children would be in their best interest.
Despite the trial court’s direct orders and its issuance of an injunction, Ms. Bush persisted in her intention to move to Sli-dell with her children. While La. R.S. 9:355 et seq. establish guidelines for relocation, the statutes are not to overrule a trial court’s existing custody order governing relocation of a child. See La. R.S. 9:355.2(C).[3]
The trial court clearly stated on more than one occasion that it did not want the children domiciled outside of Tangipahoa Parish. When a court order clearly contains restrictions on relocation such that the will of the court is unequivocal, absent an abuse of discretion, the court order must supersede the applicability limitations of La. R.S. 9:355.2(B). See La. R.S. 9:355.2(C). This assignment of error lacks merit.
| Cr Assignment of Error No, 2
The trial court did not abuse its discretion in issuing the injunction that prohibited Ms. Bush from removing the children from Tangipahoa Parish. Although the trial court did not enumerate the twelve factors of La.R.S. 9:355.14; it is clear from the oral reasons that many of the twelve factors were considered. The trial court placed great weight on how the relocation would affect the quality of life of the children:
[J]ust from human life experience that moving from a school that you’ve been in and a school that has an excellent reputation in [Tangipahoa Parish] is going to be hard on these children on top of everything else.... [T]hey go after school back over forty miles to Slidell, and, you know, what do they do as far as sports aetivities[?] You’re putting a hardship on the children to do that, and I’m not going to allow it.
Based on factors 1, 2, 3, and 6,[4] the trial court found that relocation would be detrimental to the children’s educational, social, and familial development. The trial court also addressed the financial burdens of the parents:
I know that ... there have been financial issues for both parties.... I am not unsympathetic to the financial situation that you’re in, Ms. [Bush] but I have to balance all of these things together, and I don’t see that, with the exception of eliminating your own personal living expenses by being able to move in with *53 your parents, that that over weighs [sic] the rulings I previously made where I have to balance the interest and the rights of both parents and hopefully be able to accomplish that in the best interest of the children.
|7Based on factors 7 and 8,[5] the trial court weighed the financial needs of both parents against the best interests of the children and found that Ms. Bush’s need to move in with her parents for financial reasons was not a strong enough factor to require the children to also move to Slidell, as it would have upset the stability of the children’s fives.
The trial court also observed that communication between Mr. Bush and Ms. Bush had been improving and concluded that relocation would upset their communication once again. Since their strained communication had proven to convolute the custody arrangements in the past, the trial court decided based on factor 12[6] that good communication between the parents was essential to the children’s good quality of fife. Based upon our review of the entire record, we do not find that the trial court abused its discretion with its ruling. This assignment of error lacks merit.

Assignment of Error No. 3

Ms. Bush further argues that the Ber-geron case places the burden upon Mr. Bush to prove a change in circumstances that are deleterious to the wellbeing of the children, since he was seeking to change the present custody order, but that the court erroneously placed the burden of proof upon her. See Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). We disagree with Ms. Bush’s interpretation of Bergeron as it relates to her circumstance.
Because of her proposed move to Slidell, Ms. Bush would effect a greater change of circumstances upon the children than would Mr. Bush, who argues the children should remain in Ponchatoula, Louisiana. Pursuant to La. R.S. 9:355.10, the person proposing relocation has the burden of proof | ¿that the proposed relocation is made in good faith and is in the best interest of the child. See Curole v. Curole, 2002-1891, p. 5-6 (La.10/15/02) 828 So.2d 1094, 1096.[7] The trial court heard the evidence of both parties and concluded that the proposed relocation was not in the best interest of the children. That determination is entitled great weight and will not be overturned absent a clear abuse of discretion, Gathen, 66 So.3d at 8. This assignment of error lacks merit.
CONCLUSION
The trial court did not abuse its discretion in determining that Ms. Bush’s proposed relocation to Slidell with the children was not in the best interest of the children. Since the court had specifically ordered that the children were not to move from their residence and schools in Tangi-pahoa Parish, and it is evident that the order was made pursuant to factors set out by La. R.S. 9:355.14, it is effective despite the fact that the move would be less than 75 miles and otherwise not a relocation according to La. R.S. 9:355:2(B).
*54 DECREE
The judgment by the trial court to deny the relocation of Ms. Gina Riviere Bush with her minor children from. Ponchatou-la, Louisiana to Slidell, Louisiana is affirmed. All costs of this appeal are ás-sessed to Ms. Bush.
AFFIRMED.
JEK concurs with reasons by THERIOT.
HIGGINBOTHAM, J., concurs.

. Both daughters were minors on the date of this opinion.

. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).

. La. R.S. 9:355.2(C) states as follows: "To the extent that this Subpart conflicts with an existing custody order, this Subpart shall not apply to the terms of that order that govern relocation.”

. These factors of La. R.S. 9:355.14 are as follows:
1.The nature, quality, extent of involvement, and duration of the relationship of the child with the person proposing relocation and with the non-relocating person, siblings, and other significant persons in the child’s life.
2. The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development.
3. The feasibility of preserving a good relationship between the non-relocating person and the child through suitable physical custody or visitation arrangements, considering the logistics and financial circumstances of the parties.
6. How relocation of the child will affect the general quality of life for the child, including but not limited to financial or emotional benefit and educational opportunity.

.These factors of La. R.S. 9:355.14 are as follows:
7. The reasons of each person for seeking or opposing the relocation.
8. The current employment and economic circumstances of each person and how the proposed relocation may affect the circumstances of the child.

. This factor of La. R.S. 9:355.14 is as follows:
12. Any other factors affecting the best interest of the child.

. La. R.S. 9:355.10 became effective August 1, 2012, in Acts 2012, No. 627, Section 1. Prior to the effective date, the language of La. R.S. 9:355.10 was located in La. R.S. 9:355.13.