HUGHES, J.,
dissenting.
_JjI respectfully dissent from the majority opinion, holding that LSA-R.S. 9:335 does not allow a district court to designate both parents in a child custody matter as “co-domiciliary parents.”
The trial judge in the instant case was presented with testimony demonstrating that prior to trial the parents had been sharing equal physical custody of their minor child, M.H., and the parents had been making all decisions regarding the- child jointly. No testimony was- presented to indicate that any disagreements had occurred between the parents on these issues. The mother nevertheless sought to be named the sole domiciliary parent, contending that she would be better; .qualified than the father, due to her more advanced formal education, to make decisions regarding two-year-old M;H.’s future education. After a hearing,, the trial judge denied the mother’s request and directed the parties to continue to consult with one another as to decisions affecting the child, as “co-domiciliary parents,” and should any disagreement arise, the parties could return to court. In so ruling, the trial judge based his decision on the facts and circumstances with which he was. presented on the date of trial.
The record does not demonstrate that the trial judge was manifestly erroneous in his factual -findings;. therefore, the only issue before this court is whether LSA-R.S. 9:335 prohibits the designation of “co-domiciliary parents.”
|2The operative provision of LSA-R.S. 9:335 is Paragraph (B)(1), which states: “In a decree of joint custody the court shall designate a domiciliary parent except when there is án implementation-order to the contrary or for other good cause shown.” (Emphasis added.)
In this case there was an implementation order to the contrary, which directed that the parents equally share the physical custody and the legal custody of M.H., making each parent a domiciliary parent— hence the denomination of “co-domiciliary parents.”
In ruling that LSA-R.S. 9:335 does not allow for the designation of “co-domiciliary parents,” the majority opinion relies on the use of the singular articles “a” or “the” before “domiciliary parent” -in LSA-tR.S. 9:335, as well as LSA-R.S. 9:335(B)(2) (“The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custo *718 dy during time periods that assure that the child has frequent and continuing contact with both parents.”) and LSA-R.S. 9:335(C) (“If a domiciliary parent is not designated ...”). Based on these provisions, the majority concludes that there are only two alternatives available to a court when the designation of a domiciliary parent is sought: (1) to designate only one parent as the domiciliary parent; or (2) to designate no domiciliary parent.
However, the majority opinion fails to adequately take into account LSA-C.C. art. 3506 (“Whenever the terms of law, employed in this Code, have not been particularly defined therein, they shall be understood as follows: ... The singular is often employed to designate several persons or things: the heir, for example, means the heirs, where there are more than one.”) and LSA-R.S. 1:7 (“Words used in the singular number include the plural and the plural includes the singular.”).
This court has consistently applied LSA-R.S. 1:7 to statutory provisions to read singular statutory terms as plural and plural statutory terms as singular. See State v. Oelmann, 12-0507 (La.4/27/12), 85 So.3d 1281 (citing LSA-R.S. 1:7, this court summarily reversed the court of appeal’s ruling that LSA-R.S. 13:587.2, which provided that the 4th Judicial District Court could assign certain “divisions” of the court as “a criminal section,” did not allow a single “division” to be assigned as “a criminal section”); St. Martin v. State, 09-0935 (La.12/1/09), 25 So.3d 736, 739 n. 4 (citing LSA-R.S. 1:7, this court rejected as “untenable” the respondent’s contention that use of the singular term “taxpayer,” in Title 47 tax legislation, did not encompass a class of multiple “taxpayers”); State v. Shaw, 06-2467 (La.11/27/07), 969 So.2d 1233, 1243 n. 6 (citing LSA-R.S. 1:7, this court concluded that the use of the singular phrase any subsequent felony” did not indicate a legislative intent to prohibit the enhancement of multiple sentences for multiple felony convictions on the same date for a single course of conduct, under the Habitual Offender Law, LSA-R.S. 15:529.1); Fontenot v. Reddell Vidrine Water District, 02-0439 (La.1/14/03), 836 So.2d 14, 23 (citing LSA-R.S. 1:7, this court held that the use of the singular phrase “a penalty,” authorized in workers’ compensation cases by LSA-R.S. 23:1201(F), did not preclude multiple penalties for multiple violations for the failure to timely pay workers’ compensation and/or medical benefits claims); State v. Williams, 480 So.2d 721, 726 n. 10 (La. 1985) (citing LSA-R.S. 1:7, this court concluded that use of the singular term “act” in LSA-R.S. 14:10(1)’s phrase “his act or failure to act” did not limit the meaning of the phrase to a single body movement).
Applying LSA-C.C. art. 3506 and LSA-R.S. 1:7 to LSA-R.S. 9:335 allows the singular word “parent” in the phrase “domiciliary parent” to be read as “domiciliary parents.” Thus, a court has the authority to name domiciliary “parents” in a shared custody situation, when the court deems the naming of both parents as “domiciliary parents” to be in the best interest of the child.
Despite the explicit applicability of LSA-R.S. 1:7 (“Words used in the ^singular number include the plural and the plural includes the singular.”) to LSA-R.S. 9:335’s phrase “domiciliary parent,” the majority opinion cavalierly sweeps aside the dictates of LSA-R.S. 1:7, stating that the “rule does not necessarily hold true for specialized terms in the law.” The only legal authorities cited by the majority for excepting LSA-R.S. 9:335 from the application of LSA-R.S. 1:7 are LSA-C.C. art. 11 (“Words of art and technical terms must be given their technical *719 meaning when the law involves a technical matter.”) and LSA-R.S. 1:3 (“Words and phrases shall be. read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning”).
Nonetheless, resort to the principles stated in LSA-C.C. art. 11 and LSA-R.S. 1:3 is unnecessary in this case since the term “domiciliary parent” is defined in the statute (pursuant to LSA-R.S. 9:335(B)(2), the “domiciliary parent is the parent with whom the child shall primarily reside”). The provisions of LSA-C.C. art. 11 and LSA-R.S. 1:3 become relevant only when the words used in a law may have different meanings. See Lockett v. State, Department of Transportation & Development, 03-1767 (La.2/25/04), 869 So.2d 87, 91 (‘When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the words of law must be given their generally prevailing meaning.”).
There is no question as to the meaning of “domiciliary parent” in this case,' as LSA-R.S. 9:335(B)(2) expressly states that the “domiciliary parent” is “the parent with whom the child shall primarily reside.” The only question presented is whether both parents may be named as domiciliary parents.
This court has held that legislative language will be interpreted on the |5assumption that the legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes. See M.J. Farms, Ltd. v. Exxon Mobil Corporation, 07-2371 (La.7/1/08), 998 So.2d 16, 27; Fontenot v. Reddell Vidrine Water District, 02-0439 (La.1/1-4/03), 836 So.2d 14, 24. Therefore, in enacting LSA-R.S. 9:335, the legislature was aware of the effect dictated by LSA-R.S. 1:7 and, if the legislature intended that LSA-R.S. 1:7 should not apply to LSA-R.S. 9:335, it could have expressly indicated in LSA-R.S. 9:335 that only one parent, could be named a domiciliary parent; failing which, “domiciliary parent” may be read as “domiciliary parents” purr suant to LSA-R.S. 1:7. See also LSA-C.C. art. 3506.[1]
The majority further states that, because LSA-R.S. 9:335 involves a “specialized area of the law,” LSA-R.S. 1:7 is inapplicable; however, - this statement is belied by the jurisprudence of this court, cited hereinabove, which all applied LSA-R.S. 1:7 to the statutory provisions at issue in therein even though the cases involved specialized areas of the law (Martin v. State construed tax law, Fontenot v. Reddell Vidrine Water District construed workers’ compensation law, and State v. Oelmann, State v. Shaw, and State v. Williams construed criminal law — all specialized areas of the law).
The majority also holds that the definition. provided in LSA-R.S. 9:335(B)(2)— that the “domiciliary parent is the parent with whom- the child shall primarily reside” — “excludes the possibility of having more than one domiciliary parent.” The *720 majority reasons that it is “logically impossible” for both parents to meet this definition.
|fiYet, the concept of “shared custody” demonstrates that it is quite possible for a child to have a domicile with each parent. “Shared custody” is defined by LSA-R.S. 9:315.9 as “a joint custody order in which each parent has physical custody of the child for an approximately equal amount of time.” (Emphasis added.)
Further, it is jurisprudentially and statutorily recognized that, in shared custody, two primary residences are established for the child, one with each parent (see State in Interest of Travers v. Travers, 28,022 (La.App. 2 Cir. 12/6/95), 665 So.2d 625, 628 (“Co-domiciliary parents, by definition, maintain two homes for their children.”)), and, obviously, the maintenance of two residences for a child results in additional expenses to the parents. The additional expenses necessitated by the equal sharing of physical custody are incorporated into the calculation of the child support obligations by LSA-R.S. 9:315.9, which authorizes an increase in the applicable basic child support obligation set forth in LSA-R.S. 9:315.19, by directing that the applicable basic child support obligation “shall first be multiplied by one and one-half’ and then allocated to the parents in proportion to their respective adjusted gross income. See LSA-R.S. 9:315.9(A)(2)-(A)(7); LSA-R.S. 9:315.20, Worksheet B. See also Martello v. Martello, 06-0594 (La.App. 1 Cir. 3/23/07), 960 So.2d 186, 195 (“The [LSA-R.S. 9:315.9(A)] formula differs fi’om the typical child support formula, in that it has a built-in adjustment for the duplication of costs that inevitably occurs in a shared custody arrangement — ”).
■ When a child lives with married parents, he has one domicile[2] — that of his parents. When a child of parents, who do not live together,- lives “primarily”, (or “mostly”) with only one parent, then the domicile of that parent is the domicile of |7the child, and that parent is the'Child’s “domiciliary parent” as Set forth in ■ LSA-R.S. 9:335(B)(2). However, when,, as in the instant case, the child is subject to a shared custody arrangement between his parents and resides for an equal amount of time with each parent, as set out in LSA-R.S. 9:315.9, he or she, in fact, has two domiciles — one with each parent. Thus, in a shared custody situation, when the parents agree, or a court finds, that the parents ■should also have equal legal authority over the child, the parents would* in fact, both be “domiciliary parents.” To prohibit both parents from being designated as “domiciliary parents” or “co-domiciliary parents,” when it is in -the best interest of the child, merely because the authority to. do. so is not expressly set forth in LSA-R.S. 9:335 is to deny the reality of such a situation.[3]
*721 As this court stated in Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 737, child custody is comprised of.both physical custody, which is actual custody, and legal custody, which , is. the right or authority to make decisions concerning the child’s upbringing. Thus, joint legal custody involves a sharing of the responsibilities concerning the child including decisions about education, medical care, discipline and other matters relating to the upbringing of the child. Id. There has certainly been no suggestion that, when in the best interest of the child, a court is not authorized to order equal legal authority along with equal physical custody. Indeed, LSA-R.S. 9:335 directs that the court “allocate the legal |sauthority and responsibility of the parents” in the custody order.
However, naming one parent as the sole domiciliary parent places a greater share of the legal authority over the child with that domiciliary parent. See LSA-R.S. 9:335(B)(3) (“The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.”). Further, the other alternative allowed by the majority opinion — of naming no domiciliary parent — also results in one parent, the father, having a greater share of the legal authority over the child than the other parent, the mother, pursuant to LSA-R.S. 9:335(C) (“If a domiciliary parent is not designated in the joint custody decree and an implementation order does not provide otherwise, joint custody confers upon the parents the ■ same rights and responsibilities .as are conferred on them by the- provisions of Title VII of Book I of the Civil Code:”). Contained within Title VII of Book I of the Civil Code is- Civil Code Article 216, which, on' the issue of parental authority, provides in-pertinent part that “[i]n casé of difference between the parents, the authority of the father prevails.” "Therefore, if any matter subject to the decision-making authority of the parents is inadvertently omitted from the custody' order and a dispute on such an issue thereafter arises between the parents, Article 216 directs that “the authority of the father prevails.” Clearly, if Article 216 is triggered by such an eventuality, the mother would be deprived of the desired equal legal authority over the minor child.
The majority further holds that -the interpretation advanced by the appellate court in this' case' (thát, in a co-domiciliary arrangement, the parent with whom the child is residing at the time would have decision-making authority during the time the child resides with the parent) would “invite second-guessing, discord, and |9uncertainty for the child because major decisions could vacillate with each parent.” (See Op. at pp. 705-06.) Nevertheless, a co-domiciliary designation would counteract, to an extent, the tendency that a parent might have to exercise parental authority in an irresponsible manner or without consulting with the other parent as required by LSA-R.S. 9:336 (“Joint custody obligates the parents to exchange *722 information concerning the health, education, and welfare of the child and to-confer with one another in exercising decision-making authority.”); since a decision not concurred in by the other parent might simply be undone when physical custody of the child returned to the disagreeing, co-domiciliary parent. Thus, co-domiciliary parents have a greater incentive to work together to make decisions that are mutually agreeable, and the risk of “second-guessing, -discord, and uncertainty for the child” is reduced. In contrast, a sole domiciliary parent has the larger temptation, in being vested with greater legal authority than the other parent pursuant to LSA-R.S. 9:335(B)(3) (“The domiciliary parent shall have authority to. make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.”), to subvert the obligation imposed by LSA-R.S. 9:336 to consult the non-domiciliary parent in exercising decision-making authority, given that a sole domiciliary parent’s major decisions may only be challenged in court, and then such decisions are presumed to be in the best interest of t}ie child.
As indicated hereinabove, the only method by which it can be assured that both parents have equal legal custody over their child is to designate both parents as domiciliary parents in a shared physical custody scenario. The district courts, as well as the First, Third, and Fifth Circuits, in numerous decisions, evidently have reached this conclusion, in generally finding that a “co-domiciliary” designation Imconforms with LSA-R.S. 9:335. See Hodges v. Hodges, 14-1575 (La.App. 1 Cir. 3/6/15), 166 So.3d 348 (the instant case); Distefano v. Distefano, 14-1318 (La.App. 1 Cir. 1/22/15), 169 So.3d 437; Centanni v. Spradley, 13-1851, 2014 WL 1166192 (La.App. 1 Cir. 3/21/14) (unpublished); McCaffery v. McCaffery, 13-0692 (La.App. 5 Cir. 4/9/14), 140 So.3d 105, writ denied, 14-0981 (La.6/13/14), 141 So.3d 273; Galland v. Galland, 12-1075 (La.App. 3 Cir. 3/20/13), 117 So.3d 105, writ denied, 15-0319 (La.4/17/15), 168 So.3d 404; St. Philip v. Montalbano, 12-1090 (La.App. 4 Cir. 1/9/13), 108 So.3d 277, 279 n. 3; Stewart v. Stewart, 11-1334 (La.App. 3 Cir. 3/7/12), 86 So.3d 148; Silbernagel v. Silbernagel, 10-0267 (La.App. 5 Cir. 5/10/11), 65 So.3d 724; Schmidt v. Schmidt, 08-0263 (La.App. 4 Cir. 2/11/09), 6 So.3d 197, writ denied, 09-0566 (La.4/3/09), 6 So.3d 779; Henry v. Henry, 08-0689 (La.App. 1 Cir. 9/23/08), 995 So.2d 643; Smith v. Smith, 07-1163, 2008 WL 588906 (La.App. 3 Cir. 3/5/08) (unpublished), 977 So.2d 312 (table); Craig v. Craig, 42,363 (La.App. 2 Cir. 5/9/07), 956 So.2d 819, writ denied, 07-1349 (La.7/27/07), 960 So.2d 64; Elliott v. Elliott, 05-0181 (LaApp. 1 Cir. 5/11/05), 916 So.2d 221, writ denied, 05-1547 (La.7/12/05), 905 So.2d 293; Alexander v. Alexander, 02-0683 (La.App. 3 Cir. 11/13/02), 831 So.2d 1060; Lincecum v. Lincecum, 01-1522 (La.App. 3 Cir. 3/6/02), 812 So.2d 795, 798; Perkins v. Perkins, 99-1130 (La.App. 1 Cir. 12/28/99), 747 So.2d 785, writ granted 00-0269 (La.2/16/00), 754 So.2d 950, order recalled, 00-0269 (La.3/24/00), 758 So.2d 141 (per curiam); Remson v. Remson, 95-1951 (La.App. 1 Cir. 4/4/96), 672 So.2d 409.[4]
*724 |nIn contrast, thé ■ Second and Fourth Circuit Courts of Appeal have ruled in only-three cases, summarily, that there is 'no authority in the law for the designation of “co-domiciliary parents”: Hanks v. Hanks, 13-1442 (La.App. 4 Cir. 4/16/14), 140 So.3d 208; Molony v. Harris, 10-1316 (La.App. 4 Cir. 2/23/11), 60 So.3d 70; Ketchum v. Ketchum, 39,082 (La.App. 2 Cir. 9/1/04), 882 So.2d 631.
|12Given the fact that the designation of “co-domiciliary parents” has been deemed necessary to accomplish an equality of legal custody between parents by the great weight of jurisprudence, it hardly seems appropriate, as the majority opinion does out-of-hand, to declare that
[T]he plain language of La, R.S. 9:335 manifests the legislature’s clear intent to establish a custodial system in which a child has a domiciliary parent and no more than one such parent. The text is clear. Although each parent can share physical custody, the court can only designate a single domiciliary parent.
(See Op. at p. 706.) It. would seem that the effect of LSA-R.S. 9:335(B) .is not clear to a great many of those charged with interpreting it. While the meaning of “domiciliary parent” is set forth in LSA-R.S. 9:335(B) as “the parent with whom the" child shall primarily reside,” what is not clear is whether or how to designate a “domiciliary parent” when a child does not reside “primarily” or “mostly” with either parent, but rather lives an equal amount of time .with each.
When the language of a law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. See LSA-C.C. art. 10. When the words of a law are ambiguous, their meaning must be sought by exaniining the context in which they occur and the text of the law as a whole. LSA-C.C. art. 12. Laws on the same subject matter must be interpreted in reference to each other. LSA-C.C. art. 13. Under the rules of statutory construction, courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter. See City of New Orleans v. Louisiana Assessors’ Retirement & Relief Fund, 05-2548 (La.10/1/07), 986 So.2d 1, 15.
The purpose of laws pertaining to child custody is to ensure that an award of child custody is in the best interest of-the child. See LSA-C.C. art. 131 (“In'a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child.”). See also C.MJ. v. L.M.C., 14 1119 (La.10/15/14), 156 So.3d 16, 28-29 (stating that the best interest of the child is the sole criterion tó be met in making a custody award; it is the child’s emotional, physical, material and social well-being,, and health that are the judge’s very purpose in child custody cases, and the judge must protect the child from the harsh realities of the parents’ often bitter, vengeful, and typically highly emotional conflict).
An important factor in determining the best interest of the child, as listed in LSA-C.C. art. 134(12), is “[t]he responsibility for the care and rearing of the child previously exercised by each party.” See also Johnston v. McCullough, 410 So.2d 1105, 1107-08 (La.1982) (“Stability and continuity must be considered in determining what is in the best interest of the child.”); Bordelon v. Bordelon, 390 So.2d 1325, 1329 (La.1980) (“[Stability of environment ... is still relevant to a determination of the best interest of the child.”); Colvin v. Colvin, 40,518 (La.App. 2 Cir. 10/26/05), 914 So.2d 662, 666 (“Continuity and stability.of environment are important factors to. consider in determining what is in the child’s *725 best interest. A change from a stable environment should not be made absent a compelling reason.”).
In the instant case, the trial court attempted to maintain continuity for M.H. by continuing in effect the “responsibility for the care and rearing of the child previously exercised by each parities]” (pursuant to LSA-C.C. art. 134(12)), which was an equal sharing of physical custody and legal authority as to M.H. The court advised the parties, in open court: “If you aren’t able to ... work out a plan that works for [M.H.] when he becomes school age, the court will be happy to hear from you again and see how things are going.” In so stating, the trial court referenced duties legally imposed by LSA-R.S. 9:336 on parents who share joint custody of a child “to exchange information concerning the health, education, and welfare of the child and to confer with one another in exercising decision-making 1 uauthority.”
The trial court ordered that the .parties in this case .actually share equal physical custody of their child, by exchanging the physical custody of the child, M.H., every week on Wednesday,[5] and the trial court implicitly concluded that it was in the best interest of M.H. that both parents be designated as domiciliary parents.
In child custody cases, the decision of the trial court is to be given great weight and overturned only where there is a clear abuse of discretion. See C.M.J. v. L.M.C., 156 So.3d at 28-29; Gathen v. Gathen, 10-2312 (La.5/10/11), 66 So.3d 1, 8 n. 4; Thompson v. Thompson, 532 So.2d 101, 101 (La.1988) (per curiam); Stephenson v. Stephenson, 404 So.2d 963, 966 (La.1981); Fulco v. Fulco, 259 La. 1122, 1129, 254 So.2d 603, 605 (1971). See also LSA-C.C. art. 134, 1993 Revision Comment (b) (“The appellate courts have reiterated the traditional rule that a trial court’s custody award will not be disturbed absent a manifest abuse of discretion.... This revision does not change that rulé.”). The record does not support a conclusion that the trial judge abused his discretion in the custody judgment issued in this case.
This court has previously recognized in SWAT Shreveport 24 Bossier, Inc. v. Bond, 00-1695 (La.6/29/01), 808 So.2d 294, 302, that the object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law and the statute construed, so as to produce a reasonable result.
The failure of the majority opinion to apply LSA-R.S. 1:7 to LSA-R.S. K9:335’s phrase “domiciliary parent,” so that it might be read where appropriate in the plural as “domiciliary parents,” produces the absurd result of depriving parents, who may wish to be designated “co-domiciliary parents” via consent agreements, and trial judges, who might otherwise find it in the best interest of a child to have his parents designated “co-domiciliary parents” in’a shared physical custody situations, of the ability to fully' implement shared legal custody.
In this case the trial judge very specifically addressed the fact that the matter might have to be revisited when the child *726 reached school age. The parties are not fighting over any issue of substance, such as the amount of child support or the amount of time the child spends with each parent. The only point of contention that brings the matter to this court is the label of' co-domiciliary parent. It seems the mother, despite all particulars of the child’s care having been resolved, wants control of the situation now, rather than when the child reaches school age, which indicates she might not be able to foster the relationship between child and father. The trial court will now be forced to make a premature, unnecessary decision or name neither parent as domiciliary.
' Those who have made decisions in family court know that every tool in the box is often needed to make both parents invest.ed in the result and working together for the best interest of the child. It simply makes no sense to deprive trial judges of this, tool when it has been used so successfully as shown by the number of' cases cited above.

. Civil Code Article 3506 (applicable to Title 9 of the Revised Statutes, which contains Civil Code Ancillaries) specifically states that it is applicable “[w]henever the terms of law ... have not been particularly defined” and then directing that “[t]he singular is often employed to designate several persons or things.” Since LSA-R.S. 9:335(B) does not particularly define “domiciliary parent” as being only one parent, it may be considered as referencing more than one parent.

. See Domicile, Black’s Law Dictionary (10th ed. 2014), defining “domicile” as ”[t]he place at which a person has been physically present and that the person regards as home; a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere”; and Domiciliary Parent, Black’s Law Dictionary (10th ed. 2014), defining "domiciliary parent” as “[a] parent with whom a child lives.”

. We note that the majority opinion adopts the view expressed by Katherine Shaw Spaht, in The Two "ics” of the 2001 Louisiana Child Support Guidelines: Economics and Politics, 62 La. L.Rev. 709, 77 I n. 73 (2002), that ”[t]he designation of co-domiciliary parents creates an oxymoron." Notwithstanding, in order to be an "oxymoron,” a term must be "a combination of contradictory or incongruous words,” as defined in the Merriam-Webster Dictionary (see http://www.merriam-webster.com/ dictionary/oxymoron). Certainly, in a situation in which a minor child does not spend an equal • amount of time with each parent, there is no "shared” custody, and the naming of "co-domiciliary parents” would be *721 inappropriate since the child would live “primarily” with only one parent. However, the prefix "co-” means "together.” See http:// www.merriam-webster.com/dictionary/co? show~l. Therefore, when the,term “co-domiciliary parents” is applied in a shared custody and shared legal authority situation, it is not oxymoronic since the child has two domiciles' and each parent exercises legal authority over the child as a domiciliary parent; therefore, such parents are co-domiciliary parents.

. See also Szwak v. Szwak, 49,938 (La.App. 2 Cir. 4/15/15), 163 So.3d 911; Cole v. Cole, 13-1442 (La.App. 3 Cir. 6/4/14), 139 So.3d 1225; Koussanta v. Dozier, 14-0059 (La.App. 5 Cir. 5/21/14), 142 So.3d 202; Blanc v. Hill, 13-1961, 2014 WL 1778354 (La.App. 1 Cir. 5/2/14) (unpublished); Bond v. Bond, 13-1733 (La.App. 1 Cir. 3/24/14), 2014 WL 1203134 *723 (unpublished), writ denied, 14-1054 (La.9/12/14), 148 So.3d 932; Pepiton v. Turner, 13-1199 (La.App. 3 Cir. 3/5/14), 134 So.3d 160; Bagwell v. Bagwell, 48,913 (La.App. 2 Cir. 1/15/14), 132 So.3d 426, writ denied, 14-0356 (La.3/14/14), 135 So.3d 608; Bush v. Bush, 13-0922 (La.App. 1 Cir. 12/27/13), 137 So.3d 49; Harvey v. Harvey, 13-0081 (La.App. 3 Cir. 6/5/13), 133 So.3d 1, writ denied, 13-1600 (La.7/22/13), 119 So.3d 596; Manuel v. Bieber, 12-1303, 2013 WL 832362 (La.App. 3 Cir. 3/6/13) (unpublished), 110 So.3d 293 (table); Thibodeaux v. Thibodeaux, 12-752 (La.App. 3 Cir. 12/5/12), 104 So.3d 768; Coleman v. Coleman, 47,080 (La.App. 2 Cir. 2/29/12), 87 So.3d 246; Hernandez v. Hernandez, 11-0526 (La.App. 5 Cir. 12/28/11), 83 So.3d 168, writ denied, 12-0271 (La.3/30/12), 85 So.3d 124; Kingston v. Kingston, 11-1629 (La.App. 1 Cir. 12/21/11), 80 So.3d 774; Westbrook v. Weibel, 11-0910 (La.App. 3 Cir. 12/7/11), 80 So.3d 683, writ denied, 12-0403 (La.3/7/12), 83 So.3d 1048; Bergeron v. Bergeron, 10-0964, 2011 WL 1938668 (La.App. 1 Cir. 5/6/11) (unpublished), 66 So.3d 77 (table); Vaughn v. Vaughn, 10-2201, 2011 WL 1260050 (La.App. 1 Cir. 3/25/11) (unpublished), 58 So.3d 1156 (table), writ denied, 11-0806 (La.5/27/11), 63 So.3d 1001; Garcia v. Garcia, 10-0446 (La.App. 3 Cir. 11/3/10), 49 So.3d 601; Flint v. Lawton, 10-0872, 2010 WL 4273096 (La.App. 1 Cir. 10/29/10) (unpublished), 56 So.3d 462 (table); Harang v. Ponder, 09-2182 (La.App. 1 Cir. 3/26/10), 36 So.3d 954, writ denied, 10-0926 (La.5/19/10), 36 So.3d 219; Rogers v. Grandberry, 09-1507, 2010 WL 8972071 (La.App. 4 Cir. 3/17/10) (unpublished), 30 So.3d 1188 (table); Hains v. Hains, 09-1337 (La.App. 1 Cir. 3/10/10), 36 So.3d 289; Semmes v. Semmes, 45,006 (La.App. 2 Cir. 12/16/09), 27 So.3d 1024; Rome v. Bruce, 09-0155 (La.App. 5 Cir. 10/13/09), 27 So.3d 885; Cradeur v. Cradeur, 08-1463 (La.App. 3 Cir. 5/6/09), 10 So.3d 1252; Schmidt v. Schmidt, 08-0263 (La.App. 4 Cir. 2/11/09), 6 So.3d 197, writ denied, 09-0566 (La.4/3/09), 6 So.3d 779; Falcon v. Falcon, 08-0925, 2008 WL 4191021 (La.App. 1 Cir. 9/12/08) (unpublished), 992 So.2d 592 (table); Chuter v. Hollensworth, 08-0224, 2008 WL 2065063 (La.App. 1 Cir. 5/2/08) (unpublished); Hymel v. Guarisco, 06-1857, 2007 WL 4644813 (La.App. 1 Cir. 12/28/07) (unpublished), 972 So.2d 493 (table), writ denied, 08-0979 (La.8/29/08), 989 So.2d 101; S.J.G. v. A.A.G., 07-0625 (La.App. 1 Cir. 9/19/07), 970 So.2d 1022; Laurence v. Laurence, 07-0011 (La.App. 3 Cir. 5/30/07), 957 So.2d 931, writ denied, 07-1322 (La.7/5/07), 959 So.2d 891; State in the Interest of S.L. v. Lewis, 41,835, 2007 WL 987283 (La.App. 2 Cir. 4/4/07) (unpublished); Cerwonka v. Baker, 06-0856 (La.App. 3 Cir, 11/2/06), 942 So.2d 747; Bihm v. Bihm, 05-1550 (La.App. 3 Cir. 5/31/06), 932 So.2d 732, writ denied, 06-1695 (La.10/6/06), 938 So.2d 81; Luplow v. Luplow, 41,021 (La.App. 2 Cir. 2/28/06), 924 So.2d 1135; Watson v. Watson, 39,458 (La.App. 2 Cir. 3/2/05), 894 So.2d 1263; In re Morris, 39,523 (La.App. 2 Cir. 1/26/05), 892 So.2d 739; Borne v. Sutton, 04-0826 (La.App. 5 Cir. 12/28/04), 892 So.2d 128; Liles v. Liles, 37,251 (La.App. 2 Cir. 6/25/03), 850 So.2d 879; Arbuckle v. Arbuckle, 36,616 (La.App. 2 Cir. 12/11/02), 833 So.2d 1119; Collins v. Collins, 36,629 (La.App. 2 Cir. 10/23/02), 830 So.2d 448; McMahon v. McMahon, 02-0211 (La.App. 5 Cir. 9/30/02), 829 So.2d 584; Age v. Age, 01-0231 (La.App. 4 Cir. 5/29/02), 820 So.2d 1167; Swan v. Swan, 35,393 (La.App. 2 Cir. 12/7/01), 803 So.2d 372; Smith v. Smith, 00-1686 (La.App. 4 Cir. 4/11/01), 785 So.2d 223; Curtis v. Curtis, 34,317 (La.App. 2 Cir. 11/1/00), 773 So.2d 185; Tatum v. Tatum, 33,118 (La.App. 2 Cir. 5/15/00), 794 So.2d 854; Kulbeth v. Kulbeth, 99-1785 (La.App. 3 Cir. 4/5/00), 758 So.2d 969; Edwards v. Edwards, 99-994 (La.App. 3 Cir. 12/22/99), 755 So.2d 331; Jones v. Jones, 99-0035 (La.App. 3 Cir. 7/14/99), 747 So.2d 94; Constance v. Traill, 98-2758 (La.App. 4 Cir. 4/28/99), 736 So.2d 971; Falterman v. Falterman, 97-0192 (La.App. 3 Cir. 10/8/97), 702 So.2d 781, writ not considered, 98-0076 (La.3/13/98), 712 So.2d 863; Havener v. Havener, 29,785 (La.App. 2 Cir. 8/20/97), 700 So.2d 533; State in Interest of Travers v. Travers, 28,022 (La.App. 2 Cir. 12/6/95), 665 So.2d 625; Robert Lowe, 1 La. Prac. Series, "Divorce” § 4:33 (in setting forth a sample form for a matrimonial agreement to establish a separate property regime, the following provision was suggested: "[Party 1] and [Party 2] agree that in the event that children are born of their marriage, that, in the event of a breakup of the marriage, the custody of any children) shall be ‘Joint Custody’ with the child(ren) spending equal time with each par-> ent on an alternating basis, and, moreover,. each parent shall be designated a ‘co-domiciliary parent’ with equal rights, responsibilities, and authorities concerning the child(ren). The parties acknowledge that they have carefully and thoughtfully considered this provision and do now objectively declare that this agreement will be in the children’s best interest.” (Emphasis added.)).

. See Janney v. Janney, 05-0507 (La.App. 1 Cir. 7/26/06), 943 So.2d 396, 399-400, writ denied, 06-2144 (La. 11/17/06), 942 So.2d 536 (recognizing that in determining whether a particular arrangement constitutes "shared custody," pursuant to LSA-R.S. 9:315.9, the court may find such an arrangement when the physical custody is split as equally as possible, but through inevitable fluctuations, such as may occur when holidays are divided or alternated, the actual number of days of physical custody in a given year is not exactly equal).